UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff/Respondent,<br>v.<br>FERNANDO HUATO CORIA,<br>Defendant/Movant. | Case No.  17-cr-616-PJH<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Dkt. 36 |

Before the court is the represented motion of defendant Fernando Huato Coria for reduction of sentence ("Mot.") pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).  The government filed an opposition ("Opp.") to the motion for compassionate release, and counsel for Coria filed a reply ("Reply").  The Probation Office also provided a response to the compassionate release motion.  Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

**I.    BACKGROUND**

On December 7, 2017, a grand jury returned an indictment charging Coria with one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1).  Cora entered a guilty plea on February 7, 2018, pursuant to a written plea agreement.  On July 11, 2018, the court sentenced Coria to a term of imprisonment, within the Guidelines sentencing range, of 84 months as to count one, three years supervised release, and a special assessment of $100.

Coria is 38 years old, has served about 31 months of his sentence, and is presently in the custody of the Bureau of Prisons ("BOP") at United States Penitentiary Tucson, with approximately 40 months remaining on his prison term, based on a projected release date of November 25, 2023. He now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) due to concerns about the risk of serious illness or death from exposure to the novel coronavirus disease ("COVID-19") while in BOP custody.

**II.    DISCUSSION**

    **A.    Compassionate Release**

        **1.    Legal Standard**

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request. *See United States v. Shields*, 2019 WL 2359231 at *1 (N.D. Cal. June 4, 2019) (citations omitted). Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### 2. Requirements for Relief

As applicable to Coria's motion, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after considering the applicable § 3553(a) factors, and that such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). The policy statement applicable to Coria's § 3582(c)(1)(A) motion, U.S.S.G. § 1B1.13, states the statutory requirements of extraordinary and compelling reasons, consideration of § 3553(a) factors, and reduction consistent with the policy statement, and further requires that the court determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

#### a. Extraordinary and Compelling Reasons

The application notes to the § 1B1.13 policy statement identify physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n. 1(A). Coria offers no controlling authority in support of his argument, raised in the reply, that the policy statement set forth in § 1B1.13 does not apply to motions for compassionate release filed by defendants, following the amendments to § 3582(c)(1)(A) under the First Step Act, though this court has previously noted that district courts have disagreed on this issue. *See United States v. Eberhart*, –- F. Supp. –-, 2020 WL 1450745, at \*2 (N.D. Cal. Mar. 25, 2020).

To establish extraordinary and compelling reasons in support of his compassionate release motion, Coria asserts that he is at risk of becoming severely ill if he were exposed to COVID-19 in prison due to his health conditions and medical history,

3

primarily Crohn's Disease, an inflammatory bowel disease ("IBD"). *See* Mot. at 9 and Fakhoury Decl., Ex. A (filed under seal). While in BOP custody, Coria is being treated for Crohn's Disease with mesalamine, an anti-inflammatory medication in the class of oral 5-aminosalicylates, as distinguished from the class of corticosteroid anti-inflammatory drugs. Mot. at 4 and n.7 (citing Mayo Clinic, "Crohn's Disease, Diagnosis & treatment" (internet citation omitted)). The Centers for Disease Control and Prevention guidance and medical journal materials cited by Coria indicating that use of corticosteroids may present an increased risk of severe illness from COVID-19 are not directly relevant to Coria's current condition, but he has sufficiently demonstrated that researchers have observed a higher risk in IBD patients exposed to mesalamine warranting "further exploration" at this early stage of studying COVID-19, to raise a concern about his increased risk of severe complications due to COVID-19. Mot. at 9 and n.21 (citation omitted). Though the government comments on the limitations of those studies, the court will not engage in weighing the methodology discussed in the medical literature for purposes of this motion.

While Coria has demonstrated that there is a possibility that his underlying Crohn's Disease and continued use of mesalamine might subject him to heightened risk of complications if he contracted COVID-19, he has not demonstrated that he is at a particularly higher risk of contracting COVID-19 while incarcerated at USP Tucson, which has no reported COVID-19 cases among inmates, and 4 cases among staff and 2 recovered cases among staff as of July 31, 2020. *See* https://www.bop.gov/coronavirus/. The government has demonstrated that the BOP has taken several focused measures to minimize the risk of COVID-19 transmission in BOP facilities, such as social distancing to the extent possible, issuing masks, screening, limiting movement and access to BOP facilities, and quarantining and treating symptomatic inmates. Opp. at 2–4. Under the present conditions at USP Tucson, Coria does not face a heightened risk of contracting COVID-19 while incarcerated such that his Crohn's Disease would constitute a serious medical condition "that substantially diminishes the ability of the defendant to provide

4

self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n. 1(A)(ii)(I). Accordingly, Coria's underlying medical condition does not satisfy the "extraordinary and compelling" standard as set forth in the application note to U.S.S.G. § 1B1.13.

Coria also asserts that his Vitamin D deficiency, longtime drug addiction, and a case of pneumonia in 2019 also make him more vulnerable to complications from COVID-19. These conditions have not been recognized by the CDC or other public health authority as increasing the risk of infection and severe outcomes from COVID-19. Coria's medical history demonstrates that he does not suffer from chronic lung disease, and his Vitamin D deficiency and prior pneumonia were diagnosed and treated by BOP health services. *See United States v. Luck*, 2020 WL 3050762, at *2 (N.D. Cal. June 8, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citing *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020)). Coria also asserts that his Hispanic ethnicity makes him more susceptible to getting seriously sick or dying if he were to catch COVID-19, but as he concedes, the correlation between racial and ethnic minority groups and the increased likelihood of contracting COVID-19 or experiencing severe illness is acknowledged to be the result of long-standing systemic health and social inequities, not due to a causal relationship between susceptibility to the disease and race or ethnicity. Reply at 3; https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fracial-ethnic-minorities.html (updated July 24, 2020). Coria fails to show that these conditions or characteristics substantially diminish his ability to provide self-care so as to warrant compassionate release.

### b.  Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of his 84-month term of imprisonment to 31 months of time served, or 37% of the custodial sentence, would not serve the need for the sentence to reflect the

seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(2)(A)–(C). Looking to the nature and circumstances of the offense and the history and characteristics of the defendant, Coria was arrested after being seen by a police officer exiting a car that had been reported stolen, and was found with a loaded shotgun in the car and a loaded firearm in his waistband, which he admitted he carried to protect himself while he intended to sell baggies of heroin that were also found on his person. Plea Agreement ¶ 2. At the time of sentencing, Coria was found to have a criminal history score of 25, establishing a criminal history category of VI, based on criminal convictions spanning over 10 years, including a prior state conviction on August 5, 2014, for being a felon in possession of a firearm. The need to protect the public from further crimes by the defendant and to afford deterrence, in particular, would not be served by shortening Coria's sentence by nearly two-thirds.

   Coria argues that the punishment he is serving during the pandemic is harder than what was contemplated at the time of sentencing because he is in lockdown in his cell 23 hours a day, and not able to receive social visits, exercise in the yard, or participate in rehabilitative programming, noting that the BOP has deemed him unqualified for a Residential Drug Abuse Program despite the court's recommendation for RDAP placement, although he represents that BOP will furlough him to a halfway house for up to 12 months. Reply at 4–5 and n.2; Fakhoury Decl., Ex. B. However, reducing Coria's custodial sentence from 84 months to 31 months would create a sentencing disparity compared to other defendants with similar criminal history category serving a Guidelines sentence on the same offense, who all face the same pandemic-related restrictions while in federal custody.

   The government suggests that the BOP's PATTERN Recidivism Score indicates that Coria is at high risk of recidivism, Opp. at 14, but the court conducts its own assessment of the relevant § 3553(a) factors for purposes of the present motion and

declines to consider the BOP's determination of any likelihood of recidivism pursuant to its delegated authority.

The court also considers "the need for the sentence imposed . . . to provide the defendant with . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Coria fails to show that his medical needs have not been adequately met while incarcerated, and in the absence of COVID-19 cases among inmates at USP Tucson, his Crohn's Disease condition does not heighten concerns that the prison could not effectively provide medical care. *See United States v. Kyes*, 2020 WL 3050765, at *3 (N.D. Cal. June 8, 2020) (motion for compassionate release on COVID-19 grounds was denied without prejudice where the 71-year-old defendant was receiving regular medical care for cancer and did not contend that the BOP facility was unable to meet his medical needs). The medical care factor does not weigh in favor of compassionate release at this time. On balance, the court finds that the relevant § 3553(a) factors do not support Coria's request for a reduction in sentence.

### c. Danger to Community

With respect to the applicable policy statement set forth in U.S.S.G. § 1B1.13(2) that compassionate release requires a finding that Coria is not a danger to the safety of another person or to the community, the court determines that under the relevant factors of 18 U.S.C. § 3142(g), Coria fails to show that he would not be a danger to the community where his conviction offense involved his possession of two loaded weapons on May 15, 2017, undeterred by serving time in custody on a state court conviction entered three years earlier for being a felon in possession of a firearm in violation of California Penal Code § 29800(a)(1). PSR ¶ 38. Further, Coria's current release plans to reside with his elderly father do not adequately ensure a safe transition for him and for the community in light of his long history of substance abuse, admittedly lengthy criminal history, and need for significant structure. Accordingly, Coria has not met his burden to show that he is not a danger to the safety of others as required for relief under § 3582(c)(1)(A).

### III. CONCLUSION

For the reasons set forth above, the motion for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) is DENIED.

**IT IS SO ORDERED.**

Dated: August 3, 2020

                                               /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge